**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CV-60725-RAR**

**ROGER BRUNELUS**,

      Plaintiff,

v.

**MODEL ROW INC.,** *et al.*,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for Dismissal without Prejudice [ECF No. 19] ("Motion"), filed on June 21, 2022. Defendants filed an expedited response on June 23, 2022 [ECF No. 21] ("Response"). The Court having reviewed the Motion and Response, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED**.

Federal Rule of Civil Procedure 41(a)(2) provides that, once a defendant has served a responsive pleading, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions. . . . [I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis in original) (cleaned up). Such a dismissal is ordinarily without prejudice, but district courts have "broad equitable discretion under Rule 41(a)(2)" to "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001).

Plaintiff moves to dismiss the instant action without prejudice—including the condition that Plaintiff pay Defendants' costs in defending this action *only if* Plaintiff refiles this case. Mot. at 3. Defendants consent to the voluntary dismissal—if Plaintiff pays the attorney's fees and costs incurred in their defense of the "frivolous and vexatious lawsuit." Resp. ¶ 17. Defendants further maintain that "[i]t would be patently unfair simply to dismiss this action—without prejudice—without providing relief to the defendants." *Id*.

To start, the Court finds that Defendants will suffer no clear legal prejudice upon dismissal, other than the prospect of a subsequent lawsuit. "In ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant." *Ortiz v. N.H. Inc*., No. 17-20169, 2017 WL 4286854, at *5 (S.D. Fla. Sept. 27, 2017) (citations omitted). In weighing the equities of this case, the Court finds that Plaintiff's dismissal without prejudice must be contingent upon (1) the payment of all taxable costs that Defendants incurred in defending this action should Plaintiff re-file this lawsuit and (2) if Plaintiff refiles this action, Plaintiff must pay all reasonable attorneys' fees incurred by Defendants in defending this case, including any fees Defendants recently incurred in opposing Plaintiff's attempt to dismiss this case. Because the risk of harm to Defendants stems from the risk of a subsequent lawsuit, these conditions alleviate such harm. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1)   This case is **DISMISSED** *without prejudice*.

2)   In the event that Plaintiff refiles this action, Defendants shall be entitled to reimbursement by Plaintiff of all taxable costs and attorney's fees thus far incurred in defending this case.

3)   The Clerk is directed to **CLOSE** the case.

Page **2** of **3**

4)      All other pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 30th day of June, 2022.

 

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**